CLAY, Circuit Judge,
dissenting in part. .
Defendant Blue Cross Blue Shield of Michigan appeals the district court’s decision certifying a class of plaintiffs pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(3), with Plaintiffs, Pipe-fitters Local 636 Insurance Fund, and its trustees (collectively “Plaintiffs”), serving as lead plaintiffs. The majority reverses the district court, and decertifies the class under both Rule 23 sub-sections. I agree with the majority’s disposition and analysis of the district court’s certification under Rule 23(b)(1)(A). However, I disagree with the majority’s treatment of certification under Rule 23(b)(3).
*634 The district court failed to perform the required “rigorous analysis” in considering Plaintiffs’ certification motion. See Stout v. J.D. Byrider, 228 F.3d 709, 716 (6th Cir.2000). The record in this case is under-developed, and does not reveal the extent to which individualized inquiry into each class member’s contract will be necessary to adjudicate the class’ claims against Defendant. Consequently, the case should be remanded to the district court for further factual development regarding certification under Rule 23(b)(3).
BACKGROUND
In 2002, Plaintiffs converted from an insured customer of Defendant to a self-funded plan, and entered into an Administrative Services Contract (“ASC”) with Defendant. As a self-funded plan, Plaintiffs covered its customers’ health care costs, and under the ASC, Defendant’s role became exclusively administrative. Defendant processed and paid the amounts billed for enrollees’ health care claims, and Plaintiffs reimbursed Defendant for the amounts paid.
Pursuant to the ASC, Plaintiffs also paid Defendant an administrative charge per participant, and Defendant retained a portion of Plaintiffs’ assets as additional fees. From June 2002 through January 2004, one of these fees was an other-than-group (“OTG”) subsidy. The OTG subsidy is a Medigap subsidy that Defendant collected from its insured and self-insured customers to lower the cost of Medigap coverage for Michigan senior citizens. In January 2004, Defendant unilaterally stopped charging Plaintiffs the OTG fee.
In September 2004, Plaintiffs filed the instant action alleging that Defendant breached its fiduciary duty under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001-461, by charging Plaintiffs the OTG fee between June 2002 and January 2004, and for failing to disclose the fee. The district court initially dismissed this element of Plaintiffs’ complaint for failure to state a claim. See Pipefitters Local 636 v. Blue Cross Blue Shield of Michigan, 213 Fed. Appx. 473, 475 (6th Cir.2007) (“Pipefitters I ”). Plaintiffs appealed, and in Pipefitters I, this Court reversed, finding that Plaintiffs had sufficiently alleged in its complaint that Defendant breached an ERISA fiduciary duty in charging the OTG fee. See id. at 478.
On remand, Plaintiffs filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, requesting that the district court certify a class of self-insured health benefits plans that “contracted with BCBSM to provide administrative services and which were improperly assessed the cost transfer subsidy/OTG.” (R. 74, Pis. Mot. for Class Certification at 20.) Because Plaintiffs allege that Defendant breached its ERISA fiduciary duty in charging class members the OTG fee, in order to prevail on their claims, each class member must demonstrate that Defendant acted in its ERISA fiduciary capacity in charging it the OTG fee.
Nevertheless, without this information, the district court granted Plaintiffs’ certification motion, concluding that Plaintiffs satisfied the requirements of Rule 23(a), and 23(b)(3). The district court defined the class as follows: “All entities (1) which had or have administrative services contracts with Blue Cross Blue Shield of Michigan and (2) which were or are assessed the other-than-group fee.” (R. 127, Order Granting in part and Denying in Part Pis. Mot. for Class Certification at 2.) The district court also certified two issues for class-wide determination: “(1) Whether Blue Cross was a fiduciary under ERISA with respect to the class in assessing the *635 OTG fee; (2) Whether Blue Cross breached a fiduciary duty owed the class by assessing the OTG fee.” (Id.) Defendant now appeals the district court’s certification of the class.
ANALYSIS
Determining whether Defendant violated ERISA by charging Plaintiffs and the class members the OTG fee requires that we ascertain, among other things, whether Defendant acted in its ERISA fiduciary capacity in charging the fee. The majority finds that class certification is inappropriate in this case because in order to establish Defendant’s ERISA fiduciary status as to each member of the class, “the district court here would be required to conduct individualized inquiries into the ... terms and funding arrangements of each” class member. (Maj. Op. at 631.) The majority finds that these individual inquiries would overwhelm the inquiries common to the class members, making class certification inappropriate.
The party seeking class certification bears the burden of proof regarding the Rule 23 certification requirements. See, e.g., In re Am. Med. Sys., 75 F.3d 1069, 1079 (6th Cir.1996). Nonetheless, in assessing the propriety of class certification, the district court has an independent duty to conduct a “rigorous analysis” to determine whether the party seeking certification has satisfied that burden. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); see also Stout, 228 F.3d at 716. This Court has remanded class actions for further proceedings when the district court failed to conduct this requisite “rigorous analysis.” See, e.g., Reeb v. Ohio Dep’t of Rehab. & Corr., 81 Fed.Appx. 550, 559 (6th Cir. 2003).
Unfortunately, the district court in this case did not issue a written opinion on the class certification question. Instead, immediately prior to announcing its ruling, the district court explained: “I’m ready to rule. And one of the reasons I wanted you to come back at 1:30 [from a recess] was so that my law clerk and I could sort of discuss this and try to make a ruling that is useful to you in terms of reviewing it without writing an opinion.” (R. 145, Tr. of Mot. for Summ. J. and Mot. on Class Certification at 68.) The district court’s analysis of the Rule 23 factors required for class certification spanned only two pages of the hearing transcript. (See id. at 74-76.) Explaining its decision to certify the class, the district court stated as follows:
First I agree ... that Rule 23(a) has been satisfied. Despite the objections, the plans are numerous. The numbers have been given anywhere from 550 to 875.
The ability of the other [class members] is also part of the Rule 23(b) analysis.
Commonality is also satisfied. First, whether the OTG fee was contrary to law is a common question. One that I’ve already resolved and decided summary judgment motions as requested, and included is whether Blue Cross was a fiduciary in assessing the OTG fee. It’s a fairly easy thing in each ease for Blue Cross to know whether its Plan collected the OTG fee in other cases.
In terms of typicality ... the claims of the Representative Plaintiff [are] typical of the claims or the defenses of the class. The same statutory analysis that I just went through for the Pipefitters Plaintiffs would have to be done for each of the class members.
As to adequacy, the Plaintiff can fairly and adequately protect the interests of the class. Pipefitters still wants damages and has the incentive to protect the interest of absent class members.
*636 In terms of Rule 23(b), if any of the three subcomponents are satisfied, then Plaintiff is entitled to certification----23(B)(3), this section requires a predominance in superiority [sic]. Common questions predominate because it’s a common question whether Blue Cross controlled assets and whether the assessment was consonant with [the] Michigan statute. And ... this class action has to be superior to the individual actions.
While it’s true that class members probably have resources to bring suit on their own and can control the case on their own, all of the cases basically turn on the same questions. Therefore class action is superior.

(Id.)

Rule 23 requires that a district court engage in “a thorough evaluation of the Rule 23 factors” prior to determining whether to certify a class. Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir.2011). Although “district courts may not inquire into the merits of the class representatives’ underlying claims,” Reeb, 81 Fed.Appx. at 555, district courts must nevertheless consider the factual particularities of the claims in determining whether class certification is appropriate. See id.; Landsman, 640 F.3d at 93 (“To determine if the requirements of Rule 23 have been satisfied, a district court must conduct a rigorous analysis. In doing so, a court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied.” (internal quotations and citations omitted)). Depending on the claims at issue, the district court’s rigorous analysis may include “an examination of what the parties would be required to prove at trial.” Cox v. Zurn Pex, Inc., 644 F.3d 604, 611 (8th Cir.2011) (internal quotation marks omitted).
In its certification inquiry in the instant case, the district court did not discuss the particularities of the class’ claims against Defendant to elucidate what pieces of evidence would be necessary to prove class members’ claims, and the extent to which this evidence would require individualized inquiries. The district court’s failure to develop and analyze the record impedes our ability to thoroughly review whether the district court’s certification of the class was an abuse of discretion.
It may very well be, as the majority assumes, that substantial individualized inquiry into each class member’s contract would be necessary to dispose of the claims against Defendant if, for example, each class member negotiated a separate contract with Defendant, containing dissimilar provisions. However, Defendant may also have a form contract common to all or most of the class members, in which case minimal individualized inquiry would be necessary, and class certification might be appropriate. See Pipefitters I, 213 Fed. Appx. at 475 (explaining that Defendant used the same accounting and billing procedure consistently throughout its business dealings with all of its self-insured clients). Because the record is devoid of certain essential facts, we simply have no way of knowing the extent to which individualized inquiry is necessary to adjudicate class members’ claims. Without this information, it is impossible for us to conclude whether the class is sufficiently cohesive to permit a class-wide determination.
The district court failed to perform the required “rigorous analysis,” and the record is thus under-developed, and does not reveal the extent to which individualized inquiry into each class member’s contract would be necessary to determine whether Defendant acted in its ERISA fiduciary capacity as to each class member in collecting the OTG fee. Therefore, remand *637 of the class certification question is appropriate. See, e.g., Reeb, 81 Fed.Appx. at 559.
CONCLUSION
For the foregoing reasons, I respectfully dissent in part.